**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 22-1474

————————————

JANE DOE,

Appellant

v.

MANOR COLLEGE

————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cv-05309)
District Judge: Honorable Gene E.K. Pratter

————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 18, 2022

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: January 4, 2023)

————————————

OPINION*

————————————

**BIBAS**, *Circuit Judge*.

Judges must address only the cases before them. Jane Doe claims that she was sexually

assaulted at college. But she sued Manor College not over whether the assault happened,

but over how the college handled her report of assault. At trial, a jury rejected her claims.

Because none of her arguments justifies overturning the jury's verdict, we will affirm.

———————————

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

## I. BACKGROUND

Jane Doe was an undergraduate at Manor College. She claims that two fellow students and a third man sexually assaulted her in her dorm room. She used her cell phone to record part of the alleged assault. Afterward, she told a resident assistant, the college's residence coordinator, and the head of student engagement that she had been sexually assaulted. A school disciplinary committee held a hearing on her claim. It found that the fellow students had committed minor, unrelated violations—but not sexual assault—and punished them accordingly. And because Pennsylvania law bans recording others without their consent, the college fined Doe $50 and ordered her to do ten hours' community service for recording the men. She appealed the school's rulings, but to no avail.

Over the next two months, the school sanctioned Doe more than a dozen times for violating its code of conduct. These violations ranged from playing loud music and hosting an unregistered guest to disrespecting authority by "asking the same questions over again" about her alleged assault. JA 28–29. The school evicted her from her dormitory for her pattern of violations. Ultimately, she withdrew.

Doe then sued Manor College under Title IX. The school, she charges, was deliberately indifferent to her complaints and retaliated against her by punishing and evicting her. The jury rejected her claims at trial.

On appeal, Doe argues that the District Court should have taken judicial notice of the Pennsylvania statute under which the school punished her and instructed the jury about it. She also objects that defense counsel commented on her motives during closing argument,

2

referred to her prior sexual-assault lawsuit on cross-examination, and mentioned her police report to the jury. None of her arguments has merit.

We review denials of judicial notice and a party's proposed instruction for abuse of discretion. *Pa. Dep't of Hum. Servs. v. United States*, 897 F.3d 497, 514 (3d Cir. 2018); *United States v. Maury*, 695 F.3d 227, 262 (3d Cir. 2012). We review evidentiary challenges, like allowing questions asked on cross-examination, for the same. *United States v. Gonzalez*, 905 F.3d 165, 195, 202 (3d Cir. 2018); *United States v. Kellogg*, 510 F.3d 188, 191–92 (3d Cir. 2007).

## II. THE DISTRICT COURT PROPERLY KEPT OUT THE RECORDING STATUTE

Pennsylvania bans taping conversations unless all parties consent. 18 Pa. Cons. Stat. § 5704(4). But consent is not needed when the recording party reasonably suspects that the other party "is committing, [or is] about to commit" a violent crime and there is reason to think that the recording may furnish evidence of that crime. § 5704(17). Sexual assault is a crime of violence. § 5702. Doe asked the trial court to take judicial notice of this crime exception and instruct the jury on it. The District Court declined because doing so could confuse the jury and prejudice the school. *Doe v. Manor Coll.*, 2022 WL 523561, at *1–2, *4–6 (E.D. Pa. Feb. 22, 2022). The danger of prejudice was acute, the District Court noted, because Doe made her request three days into the trial, after Manor College had released several of its administrators from testifying. *Id.* at *5.

Doe wanted to use the crime exception to cast doubt on the school's stated reason for punishing her. But because she never laid an evidentiary foundation for the exception, introducing it would have only muddled the issues. She could have, for instance, produced

3

the recording, called her alleged assailants as witnesses, or pressed witnesses about the crime exception. Yet she did not. Without such evidence, the jurors could not have figured out whether the exception applied. The District Court wisely averted a barebones mini-trial on that issue and the underlying sexual-assault allegation—nondispositive issues that would have confused the jury. In doing so, it properly exercised its discretion. *See Pa. Dep't of Hum. Servs.*, 897 F.3d at 514–15; *Maury*, 695 F.3d at 262–63.

### III. NONE OF DEFENSE COUNSEL'S ALLEGED MISDEEDS REQUIRES REVERSAL

Doe also challenges three of defense counsel's maneuvers at trial, but none calls for reversal. *First*, in closing argument, defense counsel asserted, "For the College, this is a case about what's right and what is wrong .... For the plaintiff and her attorneys, this case is about money damages." Suppl. App. 94. Doe did not object at the time. But now, she assails this "unfounded and inflammatory personal attack." Appellant's Br. 48. That is too little, too late.

By not objecting at trial to improper comments, a party forfeits that objection. *Wilson v. Vt. Castings, Inc.*, 170 F.3d 391, 395 (3d Cir. 1999). We may overlook that forfeiture in "exceptional circumstances," like a "highly prejudicial error resulting in a miscarriage of justice." *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992). Though counsel's comment was unsavory, Doe shows no prejudice, let alone grave prejudice. The District Court properly instructed the jury that closing arguments are not evidence. And we presume that jurors follow their instructions. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). So she gives us no reason to review her forfeited objection.

4

*Second*, while testifying, Doe's expert witness (a psychologist) mentioned that Doe had previously been sexually assaulted. On cross-examination, defense counsel asked the expert whether he knew that she had sued over that earlier assault. Although Doe's lawyer immediately objected that the question assumed facts not in evidence, he then withdrew the objection. By withdrawing the objection, he waived Doe's right to appeal the issue. *See United States v. Tai*, 750 F.3d 309, 313 n.10 (3d Cir. 2014). In any event, Doe never explains how this lone question prejudiced her.

*Finally,* Doe complains that defense counsel should not have mentioned a police report that she filed soon after the incident. In that report, Doe described the incident as consensual. On direct examination, Doe's counsel asked her psychologist if he had reviewed police records, and he said yes. So on cross, defense counsel asked whether, in drawing his conclusions, the psychologist had relied on the police report. Doe objects that this question was irrelevant to her Title IX claim because the school did not get the police report until she sued.

But the report was never admitted into evidence. Rather, defense counsel asked about a report that plaintiff's expert witness had relied on and that plaintiff's lawyer had raised on direct examination. That line of questioning was proper. *See* Fed. R. Evid. 705, 611(b).

\* \* \* \* \*

We appreciate that Doe's last few years have been difficult. And we address only the issues raised on appeal, not the ultimate truth about whether she was assaulted. With that in mind, we will affirm.